IN THE UNTTED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PUM YANG LOGISTICS, INC.,

           Plaintiff,,

  v.

PUMYANG USA INC
dba PUM YANG USA, INC.,
and PUM YANG SHIPPING CO., LTD.
aka PUMYANG SHIPPING CO., LTD.
aka PUMYANG SHIPPING, USA, INC.,

           Defendants.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

Pum Yang Logistics, Inc. ("Plaintiff" or "Logistics"), for its claims against Defendants, Pumyang USA Inc, dba Pum Yang USA, Inc., ("USA") and Pum Yang Shipping Co., Ltd., aka Pumyang Shipping Co., Ltd., aka Pumyang Shipping, USA, Inc. ("Shipping") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1.    This is an action at law and in equity for trademark infringement and unfair competition arising from Defendants' unauthorized use of Plaintiff's federally registered trademarks and copyrighted works.

2.    Plaintiff is the exclusive owner of the distinctive logo shown here:

⊗ PUMYANG ("English-language trademark") and here: ⊗ 범양해운 ("Korean-language

trademark") (collectively the "Trademarks" or the "Plaintiff Trademarks"), and variations thereof, for various services, including packing, unpacking, storage, and shipping of goods. (See Ex. A)

3. Plaintiff, headquartered in New Jersey, is in the business of packing, storing, moving, and unpacking belongings, including international moves for individuals, families, and corporations. It has designed specialized international mover solutions with an outstanding track record of success. Plaintiff moves household goods, does corporate relocations, and handles international shipments, as well as logistics and hospitality needs. Logistics takes complete responsibility for a shipment from the time of pick up until delivery. It performs a free survey of the shipment to determine its requirements. Logistics packs and prepares everything to be shipped, transports it to the port of departure, containerizes the shipment, loads it onto a truck, train, airplane, or an ocean vessel to the destination, clears the shipment through customs, delivers it to the destination, and finally unpacks it and removes debris.

4. Plaintiff's claims in the present action arise from Defendants' unauthorized advertisement, promotion, marketing, and offering for sale packing, unpacking, storage, and shipping services using unauthorized reproductions of the Plaintiff Trademarks.

5. Defendants are not connected or affiliated with Plaintiff in any way, nor do they have permission from Plaintiff to use any of the Plaintiff Trademarks or any other intellectual property belonging to Plaintiff. Rather, Defendants are blatantly exploiting the Plaintiff Trademarks for their own commercial gain, intending to confuse and deceive the public by drawing on Plaintiff's goodwill in the marketplace. By offering for sale the packing, unpacking, storage, and shipping services using Plaintiff's Trademarks, Defendants intend to, and are likely

to, cause confusion and to deceive consumers and the public regarding the source of Defendants' services, all to the detriment of Plaintiff.

## JURISDICTION AND VENUE

6. Plaintiff files this action against Defendants for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of unfair competition, tortious interference with contractual relationships, and tortious interference with prospective economic advantage under the statutory and common law of the State of New Jersey and State of New York. This Court has subject matter jurisdiction over the trademark infringement claims under 28 U.S.C. §§1331 and 1338(a).

7. This Court has supplemental jurisdiction over the state law claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has personal jurisdiction over Defendants because Defendants reside in, are incorporated in, are domiciled, and/or conduct business in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arose in this district and Defendants reside in, are incorporated in, are domiciled in, and/or conduct business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## THE PARTIES

10. Plaintiff is a domestic entity headquartered at 130 West Commercial Avenue, Moonachie, New Jersey 07074.

11. Upon information and belief, Defendant Pum Yang USA, Inc. is a domestic entity located and doing business at 654 Gotham Parkway Suite B, Carlstadt, New Jersey 07072. Upon information and belief, Defendant Pum Yang Shipping Co., Ltd. is a Korean entity located and doing business at #B-209-9 Woorim Blue 9 Business Center, Yangcheon-Ro 583, Gangseo-Gu, Seoul, Korea. Upon information and belief, Defendant Shipping conducts and/or solicits business within this judicial district, including at the same address as co-Defendant, 654 Gotham Parkway Suite B, Carlstadt, New Jersey 07072.

12. Upon information and belief, the Defendants are affiliated entities.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff formed its packing, unpacking, storage, and shipping business in New Jersey, incorporating in 2001. In 2002, it purchased all of the assets of a U.S. subsidiary of Defendant Shipping, which had conducted business predominantly in New York and New Jersey. The assets of the U.S. subsidiary of Defendant Shipping included the Trademarks. Plaintiff has used the ⓨ 범양해운 ("Korean-language trademark") trademark in advertising its services in the U.S. since 2002. Plaintiff has used the ⓨ PUMYANG ("English-language trademark") trademark in advertising its services in the U.S. since 2003.

14. Plaintiff is the owner of the entire right, title and interest in and to the Trademarks, and owns various trademark registrations and applications for the Trademarks for a variety of services, including, but not limited to, the following U.S. trademark registrations and

applications for its packing, unpacking, storage, and shipping services: (a) [범양해운 logo] ("Korean-language trademark") U.S. Reg. No. 5,062,056; and (b) [PUMYANG logo] ("English language trademark") U.S. Reg. No. 5,048,024.

15. The trademark registrations for the Trademarks are valid, subsisting, and in full force and effect.

16. Additionally, Plaintiff has common law trademark rights in the Trademarks for use in connection with packing, unpacking, storage, and shipping services.

17. Plaintiff began selling its packing, unpacking, storage, and shipping services using the [범양해운 logo] ("Korean-language trademark") trademark at least as early as 2002, and using the [PUMYANG logo] ("English-language trademark") trademark at least as early as 2003.

18. Each year Plaintiff spends substantial resources in marketing and promoting its business using the Trademarks.

19. As a result of Plaintiff's exclusive and extensive use and promotion of the Plaintiff Trademarks for many years, the marks have acquired enormous value and recognition in on the East Coast of the United States, from Virginia to Maine, all of which inures to the benefit of Plaintiff. Consumers, potential customers and other members of the public not only associate the Plaintiff Trademarks with exceptional, professional service, but also recognize that advertisements bearing the Plaintiff Trademarks denote that the services offered therein originate exclusively with Plaintiff. Accordingly, the Plaintiff Trademarks are symbols of Plaintiff's quality, reputation, and goodwill and serve as instant source identifiers for Plaintiff's services.

### *Defendants' Infringing Activities*

20. Upon information and belief, Defendants are advertising, promoting, and selling packing, unpacking, storage, and shipping services, throughout the State of New Jersey and State of New York, including in this judicial district, through Defendant USA's offices located at 654 Gotham Parkway Suite B, Carlstadt, New Jersey 07072.

21. The breadth of the Defendants' use of the Trademarks in advertising their services is demonstrated in the copies of the Defendants' advertisements bearing logos that are substantially indistinguishable from and confusingly similar to the Trademarks, advertisements which are attached hereto and incorporated herein as Exhibit "B." (See Ex. B)

22. Defendants' conduct is willful.

23. Defendants' conduct has included using Logistics's name in a print advertisement, while listing USA's address and telephone number in the advertisement, so that any prospective Logistics customers seeing the advertisement would then erroneously contact USA believing it contacted Logistics.

24. Defendants have copied all of the content of a Logistics print advertisement, and then circulated it after changing the address and telephone number contained therein to USA's address and telephone number.

25. Defendants have placed advertisements using the Plaintiff Trademarks, listing prices as much as 50% below Plaintiff's prices, in order to attract customers seeking Plaintiff's services to their businesses.

26. In addition to advertising using the Plaintiff Trademarks, Defendants have contacted Plaintiff's customers, agents, and employees, spreading rumors that Plaintiff is going out of business and that they should, therefore, cease conducting business with Plaintiff.

27.     Defendants have, in fact, directly threatened Plaintiff that, if Plaintiff did not relinquish its trademarks to Defendants, or agree to a joint venture with Defendants, that they would put Plaintiff out of business through wrongful and illegal means.

28.     Defendants told Plaintiff's Boston agent that it should work with Defendants because Plaintiff would be out of business soon.

29.     Defendants are not authorized and never have been authorized by Plaintiff to advertise, market, and/or offer for sale packing, unpacking, storage, and shipping services using the Plaintiff Trademarks, or any variations thereof.

30.     Upon information and belief, Defendants are aware of the extraordinary strength of the Plaintiff's brand and of the Plaintiff Trademarks in the New York and New Jersey markets, and the goodwill associated therewith.

31.     Upon information and belief, Defendants are actively using, promoting, and otherwise advertising, selling and/or offering for sale packing, unpacking, storage, and shipping services with the knowledge that such services will be mistaken for the high quality services genuinely provided by Plaintiff.

32.     Defendants' use of unauthorized reproductions of the Plaintiff Trademarks in connection with the advertising, promoting, distributing, offering for sale, and/or selling of the Defendants' packing, unpacking, storage, and shipping services is likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Plaintiff's business and services and Defendants' businesses and services.

33. Plaintiff received a complaint about service from a customer that did not utilize Plaintiff's services, but did use USA's services, demonstrating the confusion caused by Defendants' use of the Trademarks.

34. A party who had used Defendants' (not Plaintiff's) services posted a comment on an advertisement placed on a third-party advertising website complaining about Plaintiff's service, again demonstrating the confusion caused by Defendants' misconduct.

35. Defendants are engaging in the above-described conduct knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on the goodwill and reputation of Plaintiff. If Defendants' intentional, infringing activities are not permanently enjoined by this Court, Plaintiff and the consuming public will continue to be damaged.

36. Plaintiff has no adequate remedy at law.

37. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' infringing activities.

38. The injuries and damages sustained by Plaintiff have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their packing, unpacking, storage, and shipping services using the Trademarks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement - 15 U.S.C. § 1114)

39. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40. The Plaintiff Trademarks are recognized in along the East Coast from Virginia to Maine, including within this judicial district, as being associated with services originating with Plaintiff.

41. The registrations embodying the Plaintiff Trademarks are in full force and effect, and are entitled to protection under both federal law and common law.

42. Defendants' unauthorized use of the Plaintiff Trademarks in interstate commerce and advertising of the same constitutes false designation of origin and a false representation that the services are offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff.

43. Defendants' use of the Plaintiff Trademarks is without Plaintiff's permission or authority and is in total and willful disregard of Plaintiff's rights to control its trademarks.

44. Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

45. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the Plaintiff Trademarks.

46. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been damaged and will continue to suffer damage to its business and reputation unless Defendants are restrained by this Court from infringing the Plaintiff Trademarks.

47. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

48. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Plaintiff Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designations of Origin & False Descriptions - 15 U.S.C. § 1125(a))**

49. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50. The Plaintiff Trademarks are nonfunctional, inherently distinctive, and have achieved a high degree of consumer recognition in the East Coast markets that Plaintiff serves and the Trademarks serve to identify Plaintiff as the source of the services Plaintiff provides.

51. Defendants' promotion, advertising, sale, and/or offering for sale of their packing, unpacking, storage, and shipping services using the Plaintiff Trademarks is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said services, and is intended, and is likely, to cause such parties to believe, in error, that the Defendants' services have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

52. Defendants' use of the Plaintiff Trademarks is without Plaintiff's permission or authority and is in total and willful disregard of Plaintiff's rights to control the Plaintiff Trademarks.

53. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

54. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Plaintiff Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**

55. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56. Plaintiff owns all rights, title, and interest in and to the Plaintiff Trademarks, including all common law rights in such marks.

57. Defendants, without authorization from Plaintiff, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, and/or confusingly similar to the Plaintiff Trademarks.

58. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' services originate from, or is affiliated with, sponsored by, or endorsed by Plaintiff.

59. Defendants' acts constitute trademark infringement in violation of the common law of the State of New Jersey and the State of New York.

60. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiff. Defendants' unlawful actions have caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

61. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

62. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

63. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

64. By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New Jersey and the State of New York.

65. Defendants' unlawful acts are causing great and irreparable injury to Plaintiff, and will continue to irreparably harm Plaintiff unless enjoined.

66. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiff. Defendants' unlawful actions have caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Tortious Interference with Contractual Relations)

67. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

68. Defendants have contacted and continue to contact Plaintiff's customers, agents, and employees, with whom Plaintiff has contractual relations, spreading rumors that Plaintiff is going out of business and that they should, therefore, cease conducting business with Plaintiff.

69. Defendants' interference with Plaintiff's contractual relations with its customers, agents, and employees is intentional.

70. Defendants are not parties to Plaintiff's contracts with its customers, agents, and employees.

71. Defendants' interference with the aforementioned contracts has been with malice, and without justification or excuse.

72. Because of the Defendants' interference with the aforementioned contracts, Plaintiff has lost business.

73. Defendants' wrongful acts are causing great and irreparable injury to Plaintiff, and will continue to irreparably harm Plaintiff unless enjoined.

74. Upon information and belief, Defendants have profited from their wrongful actions and have been unjustly enriched to the detriment of Plaintiff. Defendants' wrongful actions have caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

**(Tortious Interference with Prospective Economic Advantage)**

75. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

76. Defendants have contacted and continue to contact Plaintiff's customers, agents, and employees, with whom Plaintiff has contractual relations, spreading rumors that Plaintiff is going out of business and that they should, therefore, cease conducting business with Plaintiff.

77. The Korean communities to which the Plaintiff primarily promotes, markets, and advertises its business is a tight-knit community and, upon information and belief, these rumors have spread to Plaintiff's prospective clients.

78. Defendants' use of the Plaintiff Trademarks is without Plaintiff's permission or authority and is in total and willful disregard of Plaintiff's rights to control its trademarks.

79. Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

80. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the Plaintiff Trademarks.

81. Plaintiff has a reasonable expectation of advantage from the prospective contractual or economic relationships with potential customers who, if not for the confusion, mistake, or deception of Defendants, which caused those potential customers to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, would have contracted with Plaintiff rather than Defendants for its packing, unpacking, storage, and shipping services.

82. Plaintiff has a reasonable expectation of advantage from the prospective contractual or economic relationships with potential customers who, if not for the rumors Defendants spread about Plaintiff going out of business, would have contracted with Plaintiff for its packing, unpacking, storage, and shipping services.

83. Defendants' interference with Plaintiff's prospective contractual or economic relationships with potential customers is intentional.

84. Defendants' interference with the aforementioned prospective contractual or economic relationships has been with malice, and without justification or excuse.

85. Defendants' interference with the aforementioned prospective contractual or economic relationships has caused the loss of Plaintiff's expected economic advantage.

86. Defendants' interference with the aforementioned prospective contractual or economic relationships has caused Plaintiff the loss of business and economic damage.

87. Defendants' unlawful acts are causing great and irreparable injury to Plaintiff, and will continue to irreparably harm Plaintiff unless enjoined.

88. Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiff. Defendants' unlawful actions have caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (Defamation)

89. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

90. Defendants have contacted and continue to contact Plaintiff's customers, agents, and employees, with whom Plaintiff has contractual relations, spreading rumors that Plaintiff is going out of business and that they should, therefore, no longer conduct business with the Plaintiff.

91. Defendants' statements to Plaintiff's customers, agents, and employees concerning Plaintiff going out of business are untrue and defamatory in nature.

92. Defendants' aforementioned defamatory statements are unprivileged and without justification or excuse.

93. Defendants' aforementioned defamatory statements are the fault of the Defendants amounting at least to negligence.

94. Upon information and belief, Defendants have profited from the spread of these defamatory rumors and have been unjustly enriched to the detriment of Plaintiff. Defendants' conduct has caused Plaintiff damage in an amount presently unknown, but in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A. Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using the Plaintiff Trademarks, or any marks, designs or designations confusingly similar thereto, including, but not limited to:

(1) advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any services using the Plaintiff Trademarks, or any marks/designs identical, substantially indistinguishable, substantially similar, and/or confusingly similar thereto;

(2) engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiff;

(3) committing any other act which falsely represents or which has the effect of falsely representing that the services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

B.     Ordering Defendants to deliver to Plaintiff for destruction or other disposition all remaining inventory of advertising, marketing, or promotional material, of any kind, bearing the Plaintiff Trademarks, or any marks confusingly similar or substantially similar thereto,

C.     Ordering Defendants to file with this Court and serve on Plaintiff within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.     Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

E.     Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b);

F.     Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

G.     Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

H.     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c);

1.     Awarding Plaintiff punitive damages in connection with its state law claims; on account of Defendants' willful misconduct and fraud and deceit upon the public; and

J.     Such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all claims in this litigation.

Dated: November 14, 2016

                                                          Respectfully Submitted,

                                                          SONG LAW FIRM

By:    */s/ M. Ari Jacobson*

                                                          M. Ari Jacobson, Esq. (MJ3750)
                                                          SONG LAW FIRM LLC
                                                          Attorneys for Defendants
                                                          400 Kelby Street, 7th Floor
                                                          Fort Lee, NJ 07024
                                                          (201) 461-0031
                                                          ajacobson@songlawfirm.com
                                                          Counsel for Plaintiff,
                                                          Pum Yang Logistics, Inc.